to the plaintiff when it received the draft, rulings which afforded defendant no opportunity to prove the defense alleged were erroneous.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1303, 1352–1364, 1367–1376; Dec. Dig. § 452.*]

Appeal from City Court of New York, Trial Term.

Action by the National Discount Company against the William R. Jenkins Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Raeburn W. Jenkins, of New York City (Michel Kirtland, of New York City, of counsel), for appellant.

S. C. Sugarman, of New York City, for respondent.

---

(82 Misc. Rep. 211.)

### In re HUNT'S ESTATE.

(Surrogate's Court, Oneida County. September, 1913.)

WILLS (§ 775*)—LEGACY—LAPSE.

A legacy to a person who, without legal adoption, had for more than 25 years borne the relation of daughter to testatrix, lapsed where she died before testatrix.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1997–2000; Dec. Dig. § 775.*]

Proceedings upon the accounting of the administrator of Charlotte L. Hunt, deceased. Objections overruled, and account ordered passed as filed.

Miller & Fincke, of Utica, for Utica Trust & Deposit Co., accounting party.

Pritchard, Deecke & Lisle, of Utica, for Citizens' Trust Co., as administrator, and Geo. E. Pritchard, special guardian for C. Stuart Myers, an infant, contestants.

B. A. Capron, of Boonville, for A. Stanley Myers, contestant, and First Methodist Church of Boonville.

Cookinham & Cookinham, of Utica, for Lena Cook, Charles R. Lee,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Oliver Dodge, Clinton E. Dodge, and Jennie A. Cook, administrator of the estate of Henry P. Palmer.

J. Arch Bateman, of Boonville, for J. Henry Pease, as special guardian.

Frederick A. White, of Boonville, for Fred Bush, Olive Bush Porter, Jennie Bush, and as special guardian for Charlotte L. Bush.

R. C. Briggs, of Rome, for Roxanna Hunt Dixon, Dexa Hunt Evans, Della Hunt Smith, Calvin Hunt, Hattie Hunt Watt, Ellen Hunt, Ethel Watt, and Irene Watt.

Jay A. Pease, of Boonville, in pro. per.

Geo. E. Philo, of Utica, special guardian for Lewiston McCoombs, Gladys McCoombs, Alice McCoombs, Vernon McCoombs, Dorothy Dodge, and Carleton Dodge.

B. H. Loucks, of Lawville, for Frances A. Palmer, Sarah Jones, and Anna H. Rogers, executrix of Ward B. Rogers.

SEXTON, S. On November 28, 1910, Charlotte L. Hunt died and left a will containing this provision:

"Second. I give, and bequeath unto Ida S. Myers, who though not legally adopted, has for more than twenty-five years borne the relation of adopted daughter to me, the sum of twenty thousand dollars, and in addition thereto, all my household furniture and effects and wearing apparel and personal adornment."

Said Ida S. Myers died intestate March 21, 1907, and prior to the death of said testator, leaving as her sole heirs and next of kin, A. Stanley Myers and C. Stuart Myers. The Utica Trust & Deposit Company, the accounting party herein, took the position in its account that said legacy of $20,000 to said Ida S. Myers lapsed. The Citizens' Trust Company of Utica, as administrator of the estate of Ida S. Myers, deceased, and also C. Stuart Myers and A. Stanley Myers, sons of Ida S. Myers, deceased, filed objections in writing to said account, contending that said legacy of $20,000 had not lapsed, and that it should be decreed to be paid to the representative of the estate of said Ida S. Myers, deceased.

The general rule is that a legacy lapses where a legatee dies before the testator. Section 29 of the Decedent Estate Law [1] contains the exceptions, but the legacy in question does not fall under this statute, because Ida S. Myers was not a child of the testatrix, either by birth or adoption. From early childhood and until the time of her marriage, said Ida S. Myers had lived in the Hunt family, and had been reared and educated and treated as their child, but had never been legally adopted. Because of these conceded relations, it was contended on the trial, and proof was offered in support thereof, that such moral obligation rested upon the deceased, Charlotte L. Hunt, to care for said Ida S. Myers as would prevent the lapsing of said legacy. The evidence fails to establish such an obligation. If such an obligation existed, it was more than met by transfers of real estate and gifts of personal property on the part of the Hunts to said Ida S. Myers, independent of the will. The children of said Ida S. Myers were given a legacy of $2,500 each, and will share with others in the residue of

---

[1] Consol. Laws 1909, c. 13.

the estate. The attention of said Charlotte L. Hunt, who outlived said Ida S. Myers by about four years, was called to the fact that the legacy of $20,000 to said Ida S. Myers had elapsed, and she was unavailingly importuned by said A. Stanley Myers to modify her will to the extent of giving said sum, or a part thereof, to him and his brother.

The cases of Cole v. Niles, 3 Hun, 326, and Matter of Gough, 74 Misc. Rep. 315, 134 N. Y. Supp. 222, relied upon by the contestants, have no application, as the decision, in each of said cases, rests upon a different state of facts. The question of a moral obligation was not involved.

I hold and decide that a decree may be entered overruling the objections and passing the account as filed.

Decreed accordingly.